Citation Nr: 1454753 
Decision Date: 12/11/14 Archive Date: 12/17/14

DOCKET NO. 12-16 401 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus. 


REPRESENTATION

Veteran represented by: Colorado Division of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. Durham, Counsel
INTRODUCTION

The Veteran served on active duty from May 1975 to May 1979. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2011 rating decision.

The Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge (VLJ) in Denver, Colorado, in August 2013. A transcript of this hearing has been associated with the claims file.

This issue was remanded by the Board for further development in June 2014.


FINDINGS OF FACT

1. Bilateral hearing loss has been shown to be etiologically related to an injury in service.

2. Tinnitus has been shown to be etiologically related to an injury in service.


CONCLUSIONS OF LAW

1. Service connection for bilateral hearing loss is warranted. 38 U.S.C.A. §§ 1101, 1110 (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2014).

2. Service connection for tinnitus is warranted. 38 U.S.C.A. §§ 1101, 1110 (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2014).





REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In light of the fully favorable determination in this case, no discussion of compliance with VA's duty to notify and assist is necessary.

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. In order to prevail on the issue of service connection there must be competent evidence of a current disability; medical evidence, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Service connection may be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d) (2014).

The Veteran contends that he has hearing loss and tinnitus as a result of his military service. Specifically, the Veteran claims that he was exposed to lots of noise in service while serving as an electrician's mate on a flight deck and in engine rooms.

A review of the service treatment records reveals no complaints, treatment, or diagnoses of hearing loss or tinnitus. However, a May 1975 Report of Medical Examination revealed a puretone threshold of 25 decibels at 2000 Hertz in the right ear. A May 1979 Report of Medical Examination revealed a puretone threshold of 25 decibels at 500 Hertz bilaterally. The United States Court of Appeals for Veterans Claims (Court) has held that the threshold for normal hearing is from 0 to 20 decibels, and that higher threshold levels indicate some degree of hearing loss. See Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

Post-service audiological testing for the Veteran's employment revealed puretone thresholds within normal limits bilaterally at 500, 1000, 2000, 3000, and 4000 Hertz in July 1979. However, an audiometric technician's comment on this July 1979 record noted "consistent with high noise exposure." 
In August 2011, the Veteran underwent a VA examination. Upon examination of the Veteran and review of the claims file, the examiner concluded that the Veteran's hearing loss is not at least as likely as not caused by or a result of an event in military service. The examiner noted that the claims file indicates audiometric records from 1975 and 1979; there is no change in hearing which would be considered significant, bilaterally. The examiner also determined that the Veteran's tinnitus is not caused by or a result of military noise exposure, noting that the reported onset is about the past 20 years, not prior, not during the military, as asked specifically; onset is not consistent with military service.

In his May 2012 substantive appeal, the Veteran asserted that his tinnitus has, in fact, been present since his military service. 

In a January 2013 private record from Miracle Ear, it was noted that, even though the Veteran's hearing was within normal limits when he was discharged, damage to the nerve was done at that time. Over time, exposure to loud noise can manifest to both tinnitus and sensorineural hearing loss. 

In light of the fact that the August 2011 VA examiner failed to discuss the comment on the July 1979 post-service employment audiological record, and the Veteran has since asserted that his tinnitus has existed since service, the Board finds this opinion is inadequate. Additionally, the Board finds that the January 2013 private opinion is inadequate, as there is no indication that this examiner reviewed the entire claims file or considered any post-service noise exposure, and the phrase "exposure to loud noise can manifest to both tinnitus and sensorineural hearing loss" is speculative. 

In June 2014, the Board remanded these issues in order to obtain another VA opinion on the matter. The examiner was specifically asked to discuss the significance, if any, of the 1979 audiogram report. Subsequently, the Veteran was provided a new VA examination and opinion in July 2014. The Board finds this opinion inadequate, as no discussion was provided with regard to the 1979 audiogram report.

The Veteran also submitted a July 2014 private medical record from an audiologist at Doctor's Hearing Care, at which the Veteran indicated that he was told that he had hearing loss at the time of his discharge from the Navy and that he became aware of his tinnitus while in the Navy. The audiologist noted that he worked as an electrician's mate and was exposed to the noise on the flight deck, including jets, and the cat walks. He was also frequently exposed to the noise of the engine room. He reported that, even when he was in "quiet time", there was still noise of approximately 80 decibels. He was issued hearing protection sometimes and reported that he did wear it when he was given it. The Veteran denied a history of familial hearing loss, dizziness, chronic ear infections, surgery on the ears, or recreational noise exposure. He has worked in noisy environments, but has always worn hearing protection. Further auditory history is negative. 

The examiner stated that, reviewing his military records, it could be noted that there was a drop in his hearing at 6000 hertz from 1977-1979 from 15-25 decibels in the right ear and 20-50 decibels in the left ear. The examiner noted that this is a frequency that can be influenced by exposure to loud noise. Based on a review of the Veteran's military records, assessment, and her clinical notes, the audiologist opined that the Veteran's tinnitus and hearing loss are as likely as not associated with his time in the military and were influenced by the constant noise exposure
while on the ship.

As it appears that the July 2014 private audiologist's opinion is based on a review of the Veteran's military records and an understanding of the Veteran's in-service and post-service noise exposure, as the claims file contains a July 1979 medical record shortly following discharge from service suggesting evidence of high noise exposure, and as all other medical opinions of record have been determined to be inadequate, the Board will resolve all reasonable doubt in favor of the Veteran and grant service connection for bilateral hearing loss and tinnitus.





ORDER

Entitlement to service connection for bilateral hearing loss is granted.

Entitlement to service connection for tinnitus is granted.




____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs